IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MATTHEW VELYKIS,               :
                               :
      Plaintiff                :
                               :     CIVIL NO. 1:CV-06-0124
      vs.                      :
                               :     (Judge Caldwell)
ROBERT SHANNON, *et al.*,      :
                               :
      Defendants               :


*M E M O R A N D U M*

I.    *Introduction*.

        The pro se plaintiff, Matthew Velykis, an inmate at SCI-
Frackville, filed this civil-rights action against defendants,
Robert Shannon, Frackville's superintendent; M. Barnes, captain of
the guards; officer Allen, sergeant of the guards; and
correctional officer Price.  The case is based on defendant
Allen's alleged intentional act of slamming a van door on
Plaintiff's head.  Pendent state-law claims are also asserted.
The defendants are sued in their official and individual
capacities.

        Defendants have filed a motion to dismiss under Fed. R.
Civ. P. 12(b)(6).  The motion makes the following arguments.
First, Plaintiff has failed to allege any personal involvement of
defendants Shannon and Barnes in the conduct causing him injury.

Second, the claims against the defendants in their official capacities are barred by the Eleventh Amendment.  Third, the state-law claims are barred by sovereign immunity.

II.   *Standard of Review*.

        In considering the defendants' motion to dismiss, we must accept as true the factual allegations in the complaint and construe any inferences to be drawn from them in Plaintiff's favor.  *See Mariana v. Fisher*, 338 F.3d 189, 195 (3d Cir. 2003).  We may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) only if it is clear that no relief could be granted to Plaintiff under "any set of facts that could be proven consistent with the allegations."  *Ramadan v. Chase Manhattan Corp.*, 229 F.3d 194, 195 (3d Cir. 2000).  Additionally, "'however inartfully pleaded,' the 'allegations of [a] pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers.'"  *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003)(quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652, 654 (1972)) (brackets in *Mitchell*).

III.   *Background*.

        Plaintiff alleges the following.  On August 10, 2005, defendants Allen and Price transported Plaintiff from SCI-

Frackville to SCI-Mahanoy to receive medical treatment.  (Doc. 11, Am. Compl. ¶ 9.)  Handcuffed and shackled, he was ordered to exit the transportation van.  (*Id.* ¶ 10.)  Without assistance, Plaintiff "attempted" to do so "without falling over."  (*Id.* ¶ 10.)  "While bent over exiting the van head first, defendant Allen, without forewarning to Plaintiff, slammed the van door shut on Plaintiff's head."  (*Id.* ¶ 12.)  Allen did so "purposely." (*Id.* ¶ 21.)  While Plaintiff was resting on the van's running board, Allen stated to Price, "Well, at least we know he can take a shot."  (*Id.* ¶ 14.)  Plaintiff was taken to SCI-Mahanoy's medical department, and three stitches were used on the wound. (*Id.* ¶ 16.)  An unknown Mahanoy lieutenant asked why Plaintiff was bleeding, and Allen joked, "We had to shoot him on the way over." (*Id.* ¶ 15.)  The three correctional officers laughed.  (*Id.*)

      Velykis alleges the following as to each defendant's liability.  Allen's conduct violated the Eighth and Fourteenth Amendments and was also a battery under state law.  (*Id.* ¶ 21.) Defendant Price's "actions and/or inactions . . . in failing to assist Plaintiff in exiting the van thereby exposing him to harm" violated his Eighth and Fourteenth Amendment rights and was also a battery under state law.  (*Id.* ¶ 22.)  Defendant Barnes's conduct in failing to adequately monitor or train Price and Allen, and by failing to investigate or remedy the abuse inflicted by Allen and

Price on Plaintiff violated Plaintiff's Eighth and Fourteenth
Amendment rights.  (*Id.* ¶ 23.)  Similarly, Superintendent
Shannon's failure to properly train, supervise and monitor Price
and Allen, as well as his failure to implement policies to prevent
the abuse alleged in Velykis's complaint violated Plaintiff's
Eighth and Fourteenth Amendment rights.  (*Id.* ¶ 24.)  Finally,
Velykis avers that the actions/inactions of Barnes and
Superintendent Shannon constituted state-law claims of willful
neglect, negligence, misfeasance and nonfeasance.  (*Id.* ¶¶ 23 and
24.)  All defendants are alleged to have acted "within the course
and scope of their employment . . . . and under color of state
law."  (*Id.* ¶ 8).


IV.    *Discussion.*

        A. *The Federal Claims Against Defendants*
           *Barnes and Shannon Are Dismissed for*
           *Failure to Allege Personal Involvement.*

        In moving to dismiss the federal claims against Barnes
and Shannon, Defendants argue that Plaintiff had to demonstrate
their "personal involvement in the alleged wrongs," *Rode v.*
*Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988), some form of
"personal direction" or "actual knowledge and acquiescence," *id.*,
but has not made the necessary averments.  They point out that it

4

is not enough to allege a mere failure to train, supervise or discipline. *See Chinchello v. Fenton*, 805 F.2d 126, 133-34 (3d Cir. 1986).

Plaintiff does not contest this argument, conceding that the federal claims against these defendants are properly dismissed for lack of personal involvement. Plaintiff does request that the dismissal be without prejudice to reasserting the claims if, during discovery, evidence becomes available to support an action against Barnes and Shannon. If discovery does reveal civil-rights claims against these defendants plaintiff is free to reassert them.

> B. *The Claims Against All Defendants in*
> *Their Official Capacities Are Barred*
> *by the Eleventh Amendment.*

Defendants assert that the Eleventh Amendment bars the claims against them in their official capacities. Suits brought against state officials in their official capacities are treated as suits against the state. *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 361, 116 L. Ed 2d 301, 309 (1991). Unless the state consents, the Eleventh Amendment bars suits against a state in federal court either for damages or injunctive relief. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-01, 104 S.Ct. 900, 908-09, 79 L.Ed.2d 67, 78-79 (1984). This is true whether

suit is brought under federal law, *see Seminole Tribe v. Florida*, 517 U.S. 44, 54, 116 S.Ct. 1114, 1122, 134 L.Ed.2d 252, 265 (1996), or state law. *Pennhurst, supra*, 465 U.S. at 117, 104 S.Ct. at 917, 79 L.Ed.2d at 89. We thus agree with Defendants that the Eleventh Amendment bars all the claims against them in their official capacities.

Plaintiff has argued against Eleventh Amendment immunity by relying on certain waivers of sovereign immunity in state law for state-law claims. *See* 42 Pa. C.S. § 8522. However, these waivers are irrelevant to the Eleventh Amendment issue, and Pennsylvania has in fact refused to waive its immunity under the Eleventh Amendment. *Id.*, § 8521(b). Plaintiff also asserts the Department of Corrections waived Eleventh Amendment immunity by allowing prisoners to claim damages as part of the administrative-remedy process in DC-ADM 804. We disagree. Waiver of Eleventh Amendment immunity generally requires a "'clear declaration'" to that effect. *A.W. v. Jersey City Public Schools*, 341 F.3d 234, 240 (3d Cir. 2003)(quoted case omitted).

The claims against all the defendants in their official capacities will therefore be dismissed.

### C. All Defendants Except Allen Have Sovereign Immunity for the State-Law Claims.

The commonwealth has sovereign immunity from suit and has extended that immunity to its employees acting within the scope of their employment, 1 Pa. C.S. § 2310, except for claims set forth in 42 Pa. C.S. § 8522(b).  In pertinent part, section 8522(a) waives the sovereign immunity of "Commonwealth parties" for negligence claims arising from the nine circumstances set forth in section 8522(b).  A "Commonwealth party" is defined as a "Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment." 42 Ps.C.S. § 8501.  The first circumstance listed in section 8522(b) as being waived is "[t]he operation of any motor vehicle in the possession or control of a Commonwealth party." *Id.*, § 8522(b)(1).[1]

In moving to dismiss the state-law claims, Defendants argue that they are all immune because none of Plaintiff's claims come within the nine statutory exceptions to sovereign immunity.  Additionally, Plaintiff has not alleged that Defendants were

---

[1]   The remaining circumstances are: (2) Medical-professional liability; (3) Care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) Potholes and other dangerous conditions; (6) Care, custody or control of animals; (7) Liquor store sales; (8) National Guard activities; and (9) Toxoids and vaccines.  42 Pa. C.S. § 8522(b)(2) through 8522(b)(9).

acting outside the scope of their employment.  In fact, Allen and Price were acting within the scope of their employment as corrections officers in transporting Plaintiff to SCI-Mahanoy, and so were Barnes and Shannon in responding to grievances and supervising subordinates.  Defendants also point out that the effect of sections 2310 and 8522 is to immunize commonwealth parties from intentional torts.  *See LaFrankie v. Miklich*, 152 Pa. Commw. 163, 171, 618 A.2d 1145, 1149 (1992)(en banc).

In opposition, Plaintiff makes three arguments.  First, the "vehicle liability" exception to sovereign immunity applies since his injury was "directly caused by movement of part (door) of a vehicle owned and operated by the Commonwealth."  (Doc. 16, Pl.'s Opp'n Br. p. 5).  Second, willful misconduct is not protected by sovereign immunity, citing *Freedman v. City of Allentown*, 128 Pa. Commw. 126, 562 A.2d 1012 (1989).  Third, Allen was acting outside the scope of his employment when he deliberately slammed the van door on Plaintiff's head.

We begin our analysis by rejecting Plaintiff's contention that commonwealth parties are not immunized from their intentional torts.  *Freedman* was overruled by *LaFrankie* on this point.  *See LaFrankie, supra,* 152 Pa. Commw. at 171, 618 A.2d at 1149.  Instead, to determine if a commonwealth employee is immune we must:

8

> consider whether the Commonwealth employee was
> acting within the scope of his or her
> employment; whether the alleged act which
> causes injury was negligent and damages would
> be recoverable but for the availability of the
> immunity defense; and whether the act fits
> within one of the nine exceptions to sovereign
> immunity.

*Id.*, 618 A.2d at 1149.

Here, Plaintiff cannot meet the last two criteria.  He is not alleging that Allen acted negligently, conversely that he acted deliberately, and Allen's act does not fit any of the exceptions to sovereign immunity.  The "vehicle liability" exception cannot be invoked here because the van was completely stopped when the battery allegedly happened.  *See Pena v. Pennsylvania*, 1999 WL 552775 at *3 (E.D. Pa.) (closing of a door on Plaintiff's leg, fracturing it, as he was getting into a patrol car was not the operation of a vehicle within the meaning of section 8522(b)(1) because it was "the equivalent of loading the vehicle, not operating the vehicle")(citing *Love v. City of Philadelphia*, 518 Pa. 570, 543 A.2d 531 (1988)).

However, it does appear that Plaintiff has successfully alleged that Allen was not acting within the scope of his employment at the time, a requirement for sovereign immunity.  *See* 42 Pa. C.S. §§ 2310 and 8501.

> Conduct of an employee is within the scope
> of employment if it is of a kind and nature

9

> that the employee is employed to perform; it
> occurs substantially within the authorized
> time and space limits; it is actuated, at
> least in part, by a purpose to serve the
> employer; and if force is intentionally used
> by the employee against another; it is not
> unexpected by the employer. *Fitzgerald v.*
> *McCutcheon,* 270 Pa. Superior Ct. 102, 410 A.2d
> 1270 (1979).

*Natt v. Labar*, 117 Pa. Commw. 207, 213-14, 543 A.2d 223, 225

(1988).  The conduct that Allen is alleged to have performed here

does not satisfy any of these criteria.  The intentional use of

force alleged here is not of a kind and nature Allen was employed

to perform, it does not appear to have been intended to serve any

purpose of the Department of Corrections,  and while the

Department would expect that force might be used at some point

against an inmate, it would not expect the deliberate and

unjustified use of force, apparently totally divorced from any

need of the officer to exert control over the prisoner.  Hence it

appears that Allen is not entitled to sovereign immunity at the

pleading stage.  *See Miller v. Hogeland*, 2000 WL 987864 at *3-4

(E.D. Pa.)(district justice's alleged act of deliberately flinging

a phone at the plaintiff may not come within his scope of

employment and hence sovereign immunity was unavailable at the

pleading stage).  He can still assert this defense, but it appears

that it must be decided by the fact finder.  *See Johnson v. Knorr*,

2005 WL 3027401, at *1 (E.D. Pa.)(using the state-law test for

scope of employment, the jury must resolve state parole agent's

10

defense of sovereign immunity when he is alleged to have committed unprovoked assault on plaintiff, along with false arrest and fabrication of evidence).[2]

We have concluded that Allen is not entitled to sovereign immunity at the motion-to-dismiss stage.  However, the remaining defendants are.  None of their actions come within the enumerated circumstances in section 8522(b).  Additionally, none of their actions were outside the scope of their employment. Price committed no affirmative act; he is alleged merely not to have assisted Plaintiff to exit the van.  (Am. Compl. ¶ 22). Barnes and Shannon were also acting within the scope of their employment in monitoring, training and supervising Allen and Barnes.

V.      *Conclusion*.

Defendants have not moved to dismiss the Eighth Amendment claims against Allen and Price so the case continues against them in their individual capacities on these federal

---

[2]  We recognize that Plaintiff pled that Allen was acting within the scope of his employment, but we look past this allegation because of Plaintiff's pro se status, the specific factual contention that Allen had acted deliberately and because the allegation appears to have been made to satisfy the color-of-state-law requirement of the federal claim.

claims.[3]  The state-law claim for battery also proceeds against

Allen.  All claims against Barnes and Shannon will be dismissed.

We will issue an appropriate order

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 30, 2006

---

[3]  However, the basis of Price's Eighth Amendment liability is difficult to discern.  "[A] corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so." *Smith v. Mensinger* 293 F.3d 641, 650 (3d Cir. 2002).  Here, it does not appear from the pleadings that Price had an opportunity to intervene, and in fact the only specific allegation against him is not that he failed to intervene but that he failed to assist Plaintiff out of the van.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


MATTHEW VELYKIS,                       :
                                       :
        Plaintiff                      :
                                       :     CIVIL NO. 1:CV-06-0124
        vs.                            :
                                       :     (Judge Caldwell)
ROBERT SHANNON, *et al.*,              :
                                       :
        Defendants                     :


*O R D E R*


        AND NOW, this 30th day of October, 2006, it is ordered
that:

                1.  Defendants' motion (doc. 12) to dismiss
        is granted in part and denied in part.

                2.  All claims against defendants Barnes
        and Shannon are dismissed, and these
        defendants are dismissed from the action.

                3.  The state-law claim for battery against
        defendant Price is hereby dismissed.

                4.  In all other respects, the motion is
        denied.


                                /s/William W. Caldwell
                                William W. Caldwell
                                United States District Judge