IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW VELYKIS, | : |
| Plaintiff | : |
| vs. | : CIVIL NO. 1:CV-06-0124 |
| | : (Judge Caldwell) |
| ROBERT SHANNON, *et al.*, | : |
| Defendants | : |

*M E M O R A N D U M*

I.   *Introduction*

Defendants have filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) on the claim against defendant CO Price. We previously disposed of Defendants' motion to dismiss, which left certain claims in the case, including the only one against Price, an Eighth Amendment claim. *See Velykis v. Shannon*, 2006 WL 3098025 (M.D. Pa.).

Defendants filed an answer and then served Plaintiff, Matthew Velykis, with a copy of their motion and supporting brief via first-class mail. Velykis has failed to oppose the motion.

II.   *Standard of Review*

A motion for judgment on the pleadings under Rule 12(c) is decided under the same standard as that for a motion to dismiss under Fed. R. Civ. P. 12(b). *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004)("There is no material difference in the

applicable legal standards."). When evaluating a motion to dismiss, the court must accept as true all material allegations of the complaint. *Spruill*, 372 F.3d at 223. Moreover, pro se pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

A complaint "only" has to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d. 929 (2007)(rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id*. at ___, 127 S.Ct. at 1964-65 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. at ___, 127 S.Ct. at 1965.

III.    *Background*

-2-

Plaintiff alleges the following. On August 10, 2005, CO Allen and CO Price transported Velykis from SCI-Frackville to SCI-Mahanoy where he was scheduled to receive medical treatment. (Doc. 11, Am. Comp. ¶ 9.)  Handcuffed and shackled, Velykis was ordered to exit the transportation van.  Without assistance, plaintiff "attempted" to do so "without falling over."  (*Id.* ¶ 10.)  "While bent over exiting the van head first, defendant Allen, without forewarning to Plaintiff, slammed the van door shut on Plaintiff's head." (*Id.* ¶ 12.) Allen did so "purposely." (*Id.* ¶ 21.) While Plaintiff was resting on the van's running board, Allen stated to Price, "Well, at least we know he can take a shot." (*Id.* ¶ 14.) Plaintiff was taken to SCI-Mahanoy's medical department, and three stitches were used on the wound.  (*Id.* ¶ 16.) An unknown Mahanoy lieutenant asked why Plaintiff was bleeding, and Allen joked, "We had to shoot him on the way over." (*Id.* ¶ 15.) The three correctional officers laughed. (*Id.*)

Velykis alleges that Allen's conduct violated the Eighth and Fourteenth Amendments and was also a battery under state law. (*Id.* ¶ 21.)  He alleges that Price's "actions and/or inactions . . . in failing to assist Plaintiff in exiting the van thereby exposing him to harm" violated his Eighth and Fourteenth Amendment rights and was also a battery under state law. (*Id.* ¶ 22.)

IV.   *Discussion*

"[A] corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so." *Smith v. Mensinger* 293 F.3d 641, 650 (3d Cir. 2002). Here, plaintiff alleges that CO Allen, not CO Price, purposely closed the van door on his head.  Defendants correctly point out that "Plaintiff does not allege that CO Price knew that the Plaintiff would be struck by the van door, nor that CO Price was acting in concert with CO Allen in this allegedly deliberate endeavor.  Furthermore, the Plaintiff fails to allege that CO Price even had a reasonable opportunity to intervene but refused to do so."  (Doc. 24, Defs.' Supp. Br.). We agree. Velykis cannot attempt to impose Eighth Amendment liability on CO Price simply for failing to assist him in getting out of the van. We agree.  The allegations against Price fail to state an Eighth Amendment claim against him.

We also note that Velykis failed to oppose Defendants' motion and that it is therefore deemed unopposed under Local Rule 7.6.[1]  This is an additional basis for granting the motion.

---

[1] Velykis was issued a copy of this Court's Standing Practice Order (doc. 3) on January 20, 2006, which in part, outlines his obligation to respond to Defendants' motion.  Further, the record reflects that Velykis was aware of, and responded to, Defendants'
(continued...)

V.     *Conclusion*.

The claims remaining in this action are against CO Allen in his individual capacity.  They are as follows: (1) an Eighth Amendment claim; and (2) a state-law claim for battery.  An appropriate Order will issue.

                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: August 15, 2007

---

[1](...continued)
motion to dismiss (see docs. 15 and 16)) and motion for modification of this Court's October 30, 2006, order, granting in part, and denying in part, Defendants' motion to dismiss.  (See doc. 27).

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

MATTHEW VELYKIS,                :
                                :
     Plaintiff                  :
                                :   CIVIL NO. 1:CV-06-0124
     vs.                        :
                                :   (Judge Caldwell)
ROBERT SHANNON, *et al.*,       :
                                :
     Defendants                 :

*O R D E R*

AND NOW, this 15th day of August, 2007, for the reasons set forth in the accompanying memorandum, it is ordered that:

    1. Defendants' Motion for Judgment on the Pleadings (doc. 23) is granted, and the Eighth Amendment claim against Corrections Officer Price is dismissed.

    2. Corrections Officer Price is dismissed from this action.

    3. All discovery in this matter shall be completed no later than sixty (60) days from the date of this Order.

    4. Dispositive motions, if any, shall be filed within thirty (30) days of the close of discovery.

                                    /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge